# EXHIBIT A

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO THE KOZLOWICZ GROUP'S "MOTION FOR
PRELIMINARY INJUNCTION"**

Civil Action No. 1:18-cv-00546-RCL

Ute Indian Tribe of the Uintah
and Ouray Indian Reservation,

Plaintiff,

v.

The United States of America, et al.

Defendants.

G. Mark Thomas (6664)
UINTAH COUNTY ATTORNEY
Jonathan A. Stearmer (11217)
CHIEF DEPUTY UINTAH COUNTY ATTORNEY—CIVIL
641 East 300 South, Suite 200
Vernal, Utah 84078
Telephone: (435) 781-5432
mark@uintahcountyattorney.org
jonathan@uintahcountyattorney.org

E. Blaine Rawson (7289)
Greggory J. Savage (5988)
Calvin R. Winder (14369)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
brawson@rqn.com
gsavage@rqn.com
cwinder@rqn.com

*Attorneys for Uintah County*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UTE INDIAN TRIBE OF THE UINTAH & OURAY RESERVATION, UTAH,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF UTAH, DUCHESNE COUNTY, a political subdivision of the State of Utah; ROOSEVELT CITY, a municipal corporation; DUCHESNE CITY, a municipal corporation; MYTON, a municipal corporation; and UINTAH COUNTY, a political subdivision of the State of Utah<br>        Defendants. | **UINTAH COUNTY'S MOTION FOR SANCTIONS AGAINST MR. GARDNER AND MS. KOZLOWICZ**<br><br>Consolidated Action<br>Civil Nos. 2:13-cv-00276 & 2:75-cv-00408<br><br>Judge Bruce S. Jenkins |

1:18-cv-00546-RCL

Pursuant to DUCivR 1-2 and 7-1(a), Uintah County respectfully files this Motion for Sanctions Against Mr. Gardner and Ms. Kozlowicz.[1]

## INTRODUCTION

"Mr. Gardner is not a stranger to this court. He has filed many lawsuits, and many motions, in this venue over the years." *Gardner v. Wilkins*, No. 2:13-CV-1027, 2013 WL 2465512, at *1 (D. Utah Jun. 2, 2013). In fact, as the Tenth Circuit has stated:

> Litigation regarding Gardner's Indian status is a road well-traveled. He does not claim to be a member of a federally recognized tribe. Rather, he claims only to be a descendant of a former member, as are many other Americans. Despite his best efforts in federal, state, and tribal court, this heritage does not entitle him to Indian status, whether or not he lives or works on the reservation.

*Gardner v. Wilkins*, 535 Fed. Appx. 767, 767 (10th Cir. 2013) (unpublished); *see also Gardner v. Wilkins*, No. 14-4090, 2014 WL 6679584, at *1 (10th Cir. Nov. 26, 2014) (unpublished) ("Mr. Gardner has a history of unsuccessfully litigating similar issues based on his purported Indian status.").

In this litigation alone, Mr. Gardner and Ms. Kozlowicz appear to have made more than thirty-four separate filings, including twelve frivolous filings in just more than the last month. (*See, e.g.*, Dkt. Nos. 16–17, 19, 26, 29, 37, 59–60, 69, 78, 81, 93, 114–15, 132, 134–37, 139, 174, 334, 743, 750–51, 759–60, 767–70, 773-76.) In a case, at present, involving over 770 docket entries, this might appear to be a minute number of filings; however, Mr. Gardner and Ms. Kozlowicz are not parties to this litigation. *See* Order, No. 2:75-CV-00408 (D. Utah Mar.

---

[1] Currently, the portion of this case concerning Uintah County is before the Tenth Circuit on appeal of issues relating to sovereign immunity. However, this Court retains jurisdiction to address ministerial functions which includes management of the Court's docket. Uintah County therefore believes this Court retains jurisdiction to address Uintah County's Motion seeking to stop the numerous and continuing improper filings by Mr. Gardner and Ms. Kozlowicz.

24, 2000) ("The relief sought by Edson Gardner and Lynda M. Kozlowicz is sought by non-parties to this litigation." (internal citations omitted)). Their non-party status is not due to a lack of effort. To the contrary, Mr. Gardner and Ms. Kozlowicz are "indefatigable diehards" who have filed five different motions to intervene in this case, including the present Motion. (*See* Dkt. Nos. 81, 115, 135, 174, 743.) On each prior occasion, the Court has denied Mr. Gardner and Ms. Kozlowicz's attempts to intervene. (*See* Dkt. No. 95 ("[D]enying [81-1] motion to intervene pursuant to FRCP 24(a) on the grounds re: these claims of interest relating to jurisdiction transaction which is the subject of this action may impair/impede their ability to protect their interest."); *id.* at 142 ("**IT IS HEREBY ORDERED** that the same are **DENIED**. In the event that the named petitioners have a lawsuit, they should commence a separate lawsuit on their own."); *id.* at 326 at 7 n.13, 8 ("**IT IS FURTHER ORDERED** that the motion to intervene filed by Edson Gardner and Lynda Kozlowicz is denied." (internal citations omitted)).) In fact, the Court most recently denied a motion to intervene by Mr. Gardner and Ms. Kozlowicz on November 14, 2013. (*See* Dkt. No. 326.)

Despite their non-party status, and lack of any right to participate in this litigation, Uintah County has been forced to respond to Mr. Gardner and Ms. Kozlowicz's recent frivolous filings to preserve Uintah County's rights and protect its interests. Uintah County's Oppositions, (Dkt. Nos. 749, 764–65), specifically demonstrated that Mr. Gardner and Ms. Kozlowicz's most recent motion to intervene (1) was untimely; (2) if granted, would infringe on sovereign immunity; (3) otherwise fails to satisfy the requirements of Rule 24 of the Federal Rules of Civil Procedure; (4) Mr. Gardner and Ms. Kozlowicz have no interest in this litigation due to their status pursuant to the Ute Indian Supervision Termination Act of August 27, 1954, 25 U.S.C. §§ 67 –677aa; and (5) Mr. Gardner and Ms. Kozlowicz's reliance on the Indian Gaming Regulatory Act, 25 U.S.C.

3

§ 2701 *et seq.*, is misplaced. In each instance, Uintah County also sought sanctions to deter future frivolous filings by Mr. Gardner and Ms. Kozlowicz in this case, including a request that the Court impose sanctions, including entering an order that Mr. Gardner and Ms. Kozlowicz are not permitted to file any documents in the above-captioned litigation without express leave of Court, and any documents filed without Court order need not be responded to by the parties to the above-captioned litigation. Undeterred by Uintah County's repeated requests for sanctions in response to their recent frivolous filings, Mr. Gardner and Ms. Kozlowicz have continued to file frivolous documents that are imposing a significant cost on Uintah County.

## ARGUMENT

The Court should exercise its inherent authority to sanction Mr. Gardner and Ms. Kozlowicz to deter future frivolous interference in this matter. In the absence of any Federal Rule of Civil Procedure or statute, "a court may sanction bad faith conduct through its inherent authority." *Tom v. S.B., Inc.*, 280 F.R.D. 603, 612–13 (D.N.M. 2012). That is, "[t]o deter frivolous and abusive litigation and promote justice and judicial efficiency, the federal courts are empowered to impose monetary sanctions, by statutes and the rules of civil and appellate procedure as well as their inherent right to manage their own proceedings." *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991).

Mr. Gardner and Ms. Kozlowicz's actions in this litigation, including their ten most recent frivolous filings in this litigation, (Dkt. Nos. 743, 750–51, 759–60, 767–70, 773-76), are frivolous, decrease judicial efficiency, and impose significant costs on the parties to this litigation. In order to preserve its rights and protect its interests, Uintah County has been forced to expend significant amounts of time and effort to respond to Mr. Gardner and Ms. Kozlowicz's

frivolous filings. As discussed, this is not a recent phenomenon. For more than twenty years, Mr. Gardner and Ms. Kozlowicz have been filing frivolous documents in this matter, despite their status as non-parties. Not only are they non-parties, but the Court has refused to let them intervene on four prior occasions. Without imposing sanctions, Mr. Gardner and Ms. Kozlowicz will continue to inappropriately file frivolous documents with the Court, wasting the Court's and Uintah County's time and resources.

As the Tenth Circuit recently stated in sanctioning Mr. Gardner: "Mr. Gardner's shenanigans have consequences." *Gardner*, 2014 WL 6679584, at *2. Mr. Gardner and Ms. Kozlowicz's recent frivolous filings, (Dkt. Nos. 743, 750–51, 759–60, 767–70, 773-76), are further illustrations of Mr. Gardner and Ms. Kozlowicz's shenanigans, not only in this litigation, but in general. Recently, Judge Campbell also sanctioned Mr. Gardner after Mr. Gardner had been warned that "any further attempt to relitigate [issues regarding the terminated mixed-blood Utes] will result in sanctions." *See Gardner*, 2014 WL 2465512, at *1–*2. Given the prior notice and sanctions imposed by various courts, Mr. Gardner and Ms. Kozlowicz should know better than to continue filing frivolous documents, particularly in this litigation.

The Court should not permit Mr. Gardner and Ms. Kozlowicz's shenanigans to continue. The Court should exercise its inherent authority and sanction Mr. Gardner and Ms. Kozlowicz for their recent frivolous filings, (Dkt. Nos. 743, 750–51, 759–60, 767–70, 773-76). Specifically, the Court should order Mr. Gardner and Ms. Kozlowicz to pay Uintah County the reasonable attorneys' fees and costs incurred in responding to Mr. Gardner and Ms. Kozlowicz's recent frivolous filings, (Dkt. Nos. 743, 750–51, 759–60, 767–70, 773-76). Furthermore, the Court should order that Mr. Gardner and Ms. Kozlowicz are not permitted to file any documents in the above-captioned litigation without express leave of Court, and any documents filed without

Court order need not be responded to by the parties to the above-captioned litigation. Such relief is necessary to prevent Mr. Gardner and Ms. Kozlowicz from continuing to improperly interfere in this litigation, thereby imposing unnecessary costs on the Court and the parties to the litigation.

## CONCLUSION

For the foregoing reasons, the Court should sanction Mr. Gardner and Ms. Kozlowicz and order that they pay Uintah County the reasonable attorneys' fees and costs incurred in responding to their recent frivolous filings, (Dkt. Nos. 743, 750–51, 759–60, 767–70, 773-76). In addition, the Court should order that Mr. Gardner and Ms. Kozlowicz are not permitted to file any documents in the above-captioned litigation without express leave of Court, and any documents filed without Court order need not be responded to by the parties to the above-captioned litigation.

DATED this 22nd day of January 2015.

    G. Mark Thomas
    UINTAH COUNTY ATTORNEY
    Jonathan A. Stearmer
    CHIEF DEPUTY UINTAH COUNTY ATTORNEY—
    CIVIL

    RAY QUINNEY & NEBEKER P.C.

    /s/ *Greggory J. Savage*
    E. Blaine Rawson
    Greggory J. Savage
    Calvin R. Winder

    *Attorneys for Uintah County*

1313962

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of January, 2015, I electronically filed the foregoing **UINTAH COUNTY'S MOTION FOR SANCTIONS AGAINST MR. GARDNER AND MS. KOZLOWICZ** with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the following:

J. Preston Stieff
J PRESTON STIEFF LAW OFFICES
136 East South Temple, Suite 2400
Salt Lake City, Utah 84111
jpslaw@qwestoffice.net

Jesse C Trentadue
Britton R. Butterfield
Noah M. Hoagland
Carl F. Huefner
SUITTER AXLAND
8 East Broadway, Suite 200
Salt Lake City, UT 84111
jesse32@sautah.com
nhoagland@sautah.com
chuefner@sautah.com
bbutterfield@sautah.com

Randy S. Hunter
Kyle J. Kaiser
Katharine Harsch Kinsman
UTAH ATTORNEY GENERAL'S OFFICE
160 East 300 South
Post Office Box 140857
Salt Lake City, UT 84114-0857
randyhunter@utah.gov
kkaiser@utah.gov
kkinsman@utah.gov

Tyler C. Allred
DUCHESNE COUNTY ATTORNEY'S OFFICE
Post Office Box 346
Duchesne, UT 84021
tallred@duchesne.utah.gov

Frances C. Bassett
Jeffrey S. Rasmussen
Sandra L. Denton
Todd K. Gravelle
FREDERICKS PEEBLES & MORGAN LLP
1900 Plaza Drive
Louisville, CO 80027-2314
fbassett@ndnlaw.com
jrasmussen@ndnlaw.com
sdenton@ndnlaw.com
tgravelle@ndnlaw.com

D. Williams Ronnow
J. Craig Smith
SMITH HARTVIGSEN PLLC
175 South Main Street, Suite 300
Salt Lake City, UT 84111
bronnow@smithlawonline.com
jcsmith@smithlawonline.com

Grant H. Charles
ROOSEVELT CITY ATTORNEY
Post Office Box 1182
Duchesne, UT 84021
gcharles@duchesne.utah.gov

Amy F. Hugie
33 South Main, Suite 2A
Brigham City, UT 84302
amyhugie@xmission.com

Gina L. Allery
US DEPARTMENT OF JUSTICE (7611)
Post Office Box 7611
Ben Franklin Station
Washington, DC 20044
gina.allery@usdoj.gov

A copy of the foregoing will be mailed, postage prepaid, on this 22nd day of January, 2015 to:

Edson Gardner
Lynda Kozlowicz
Post Office Box 472
Fort Duchesne, UT 84026

/s/ Pauline Langston

1313962

FILED
2015 MAR 9 PM 1:39
CLERK
U.S. DISTRICT COURT

**PREPARED AND SUBMITTED BY:**
G. Mark Thomas (6664)
UINTAH COUNTY ATTORNEY
Jonathan A. Stearmer (11217)
CHIEF DEPUTY UINTAH COUNTY ATTORNEY—CIVIL
641 East 300 South, Suite 200
Vernal, Utah 84078
Telephone: (435) 781-5432
mark@uintahcountyattorney.org
jonathan@uintahcountyattorney.org

E. Blaine Rawson (7289)
Greggory J. Savage (5988)
Calvin R. Winder (14369)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
brawson@rqn.com
gsavage@rqn.com
cwinder@rqn.com

*Attorneys for Uintah County*

---

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UTE INDIAN TRIBE OF THE UINTAH & OURAY RESERVATION, UTAH,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF UTAH, DUCHESNE COUNTY, a political subdivision of the State of Utah; ROOSEVELT CITY, a municipal corporation; DUCHESNE CITY, a municipal corporation; MYTON, a municipal corporation; and UINTAH COUNTY, a political subdivision of the State of Utah<br>Defendants. | **ORDER**<br><br>Consolidated Action<br>Civil Nos. 2:13-cv-00276 & 2:75-cv-00408<br><br>Judge Bruce S. Jenkins |

On December 1, 2014, Edson Gardner and Lynda Kozlowicz filed a motion to intervene in the above-captioned matter.[1] Uintah County,[2] the Ute Indian Tribe (the "Tribe"),[3] Duchesne City,[4] and the State of Utah (the "State")[5] each opposed Mr. Gardner and Ms. Kozlowicz's motion to intervene, which Mr. Gardner and Ms. Kozlowicz replied to on December 31, 2014.[6] Since that time, Mr. Gardner and Ms. Kozlowicz have filed a number of additional motions and documents with the Court.[7] In response, Uintah County filed a motion for sanctions against Mr. Gardner and Ms. Kozlowicz, seeking (1) attorneys' fees and costs and (2) an order that neither Mr. Gardner nor Ms. Kozlowicz are permitted to file any documents in the above-captioned matter without express leave of Court, and that the parties need not respond to any document filed by Mr. Gardner or Ms. Kozlowicz in the above-captioned matter without leave of Court.[8]

---

[1] (Gardner & Kozlowicz's Mot. to Intervene for Cmplt., filed December 1, 2014 (CM/ECF No. 743).)

[2] (Uintah County's Opp'n to Mr. Gardner & Ms. Kozlowicz's Mot. to Intervene for Cmplt., filed December 15, 2014 (CM/ECF No. 749).)

[3] (Tribe's Mem. in Opp'n to Gardner & Kozlowicz's Mot. to Intervene, filed December 17, 2014 (CM/ECF No. 753).)

[4] (Duchesne City's Opp'n to Mr. Gardner & Ms. Kozlowicz's Mot. to Intervene, filed December 18, 2014 (CM/ECF No. 755).)

[5] (State's Opp'n to Mot. to Intervene, filed December 22, 2014 (CM/ECF No. 756).)

[6] (Gardner & Kozlowicz's Reply on Opp'n of Pl. Ute Indian Tribe & for Decision, filed December 31, 2014 (CM/ECF No. 767); Gardner & Kozlowicz's Reply on Opp'n of Def. State of Utah, & the Wasatch County, & Duchesne City, & for Decision, filed December 31, 2014 (CM/ECF No. 768).)

[7] (Gardner & Kozlowicz's Mot. for Writ & Temporary Inj., filed December 11, 2014 (CM/ECF No. 750); Gardner & Kozlowicz's Mot. to Intervene as Pl.'s, filed December 22, 2014 (CM/ECF No. 759); Gardner & Kozlowicz's Reply for Attorney Fees & Costs in Opp'n to Def. Uintah County's Opp'n to Cmplt., filed December 22, 2014 (CM/ECF No. 760); Gardner & Kozlowicz's Ute V. Appl. for Prelim. Inj. & TRO, filed January 8, 2015 (CM/ECF No. 770); Gardner & Kozlowicz's Mot. to Continue Hr'g Dated for Feb. 25, 2015 at 9:30 on Intervention and Cmplt., filed February 19, 2015 (CM/ECF No. 791); Gardner & Kozlowicz's Mot. for Voluntary Dismissal Without Prejudice, & Grant Cmplt. in Opp'n to Defs., filed February 19, 2015 (CM/ECF 792).)

[8] (Uintah County's Mot. for Sanctions Against Mr. Gardner & Ms. Kozlowicz, filed January 22, 2015 (CM/ECF No. 778).)

On January 27, 2015, Mr. Gardner and Ms. Kozlowicz filed their opposition to Uintah County's motion for sanctions.[9]

On January 27, 2015, the Court provided notice to the parties, Mr. Gardner, and Ms. Kozlowicz that the Court would hold a hearing on February 25, 2015, in the context of which the above-referenced motions would be heard.[10] On February 20, 2015 the Court notified the parties, Mr. Gardner, and Ms. Kozlowicz that two of Mr. Gardner and Ms. Kozlowicz's motions filed subsequent to the Court's prior notice would also be heard in the context of the February 25, 2015 hearing.[11] Pursuant to such notice, a motions hearing came before the Court on February 25, 2015. Edson Gardner and Lynda Kozlowicz appeared, in propria persona; J. Preston Stieff, J. Preston Stieff Law Offices, appeared representing the Tribe; Elizabeth Shaffer, Elizabeth A. Shaffer, PLLC, appeared representing Richard Hackford; Jesse Trentadue, Suitter Axland, PLLC, and associated counsel appeared representing Duchesne County; Jesse Trentadue, Suitter Axland, PLLC, appeared representing Wasatch County; Randy S. Hunter and Kathy Kinsman, Assist. Attorneys General, the Utah State Office of Attorney General, appeared representing the State; Craig Smith and Bret Coombs, Smith Hartvigsen PLLC, appeared representing Duchesne City; and E. Blaine Rawson, Ray Quinney & Nebeker P.C., and associated counsel appeared representing Uintah County.

During the motions hearing, the Court heard arguments from Mr. Gardner, Ms. Kozlowicz, Duchense and Wasatch Counties, Uintah County, the State, the Tribe, Duchesne City, and counsel for Mr. Hackford concerning the above-referenced motions, including Mr.

---

[9] (Gardner & Kozlowicz's Reply Mem. to Def. Uintah County Sanctions on Federal Questions, filed January 27, 2015 (CM/ECF No. 782).)

[10] (Notice of Hr'g on Mots., filed January 27, 2014 (CM/ECF No. 783).)

[11] (Am. Notice of Hr'g on Mot., filed February 20, 2014 (CM/ECF No. 793).)

3

Gardner and Ms. Kozlowicz's motion to intervene and Uintah County's motion for sanctions.

Mr. Gardner and Ms. Kozlowicz asserted a right to intervene in this matter based on the (1) Ute Indian Supervision Termination Act of August 27, 1954, 25 U.S.C. §§ 677–677aa; (2) Indian Reorganization Act of June 18, 1934, 25 U.S.C. §§ 461–494a; and (3) Indian Gaming Regulatory Act, 25 U.S.C. § 2701 *et seq.* Mr. Gardner and Ms. Kozlowicz also asserted a general interest—including on behalf of third-parties—in upholding federal statutes and enforcing this Court's and the Tenth Circuit's rulings in the *Ute Tribe* line of cases.

Duchesne and Wasatch Counties asserted that Mr. Gardner and Ms. Kozlowicz lack standing sufficient to intervene, and that if Mr. Gardner and Ms. Kozlowicz had standing to intervene then so would every citizen of Duchesne and Wasatch Counties have the right to intervene. Duchesne and Wasatch Counties requested that the Court relieve the parties of the responsibility of responding to documents filed by Mr. Gardner and Ms. Kozlowicz, unless the Court indicates a need to respond.

Uintah County asserted that Mr. Gardner and Ms. Kozlowicz had failed to satisfy their burden, pursuant to Rule 24 of the Federal Rules of Civil Procedure, to intervene either as of right or permissively. Regarding intervention as of right, Uintah County argued that neither the (1) Ute Indian Supervision Termination Act, (2) Indian Reorganization Act, nor (3) Indian Gaming Regulatory Act provide Mr. Gardner or Ms. Kozlowicz any conditional or unconditional right to intervene. Uintah County noted that the Court has previously denied Mr. Gardner and Ms. Kozlowicz's four prior motions to intervene, (*see* CM/ECF Nos. 95, 142, 326), and argued that, absent an overwhelming reason to change its prior rulings, this constitutes the law of the case and should be followed. Regarding permissive intervention, Uintah County argued that Mr. Gardner and Ms. Kozlowicz failed to raise any interest in the litigation sufficient to intervene;

but regardless, Uintah County asserted that the Tribe adequately represents Mr. Gardner and Ms. Kozlowicz's announced interests and that Mr. Gardner and Ms. Kozlowicz, proceeding in propria persona, cannot represent others' interests. In closing, Uintah County joined Duchesne and Wasatch Counties' request that the Court relieve the parties of the responsibility of responding to documents filed by Mr. Gardner and Ms. Kozlowicz, unless the Court indicates a need to respond.

The State joined in the counties' responses and requests, noting difficulty at understanding Mr. Gardner and Ms. Kozlowicz's motions and asserting their involvement would do nothing to further this litigation.

The Tribe asked that Mr. Gardner and Ms. Kozlowicz's motion to intervene be denied for the reasons previously expressed, including because the Court has previously denied Mr. Gardner and Ms. Kozlowicz's requests to intervene and they have offered no new reasons to support their intervention at this time. The Tribe further argued that Mr. Gardner and Ms. Kozlowicz's motion to intervene is untimely and their intervention at this juncture would be disruptive to the litigation. Finally, the Tribe asserted that Mr. Gardner and Ms. Kozlowicz have failed to state any personal stake in the litigation that would be sufficient to intervene, and they cannot represent the rights of others.

Duchesne City joined Uintah County and Duchesne County, and reiterated the untimeliness of Mr. Gardner and Ms. Kozlowicz's motion to intervene. Duchesne City asserted that Mr. Gardner and Ms. Kozlowicz have known of their interest in this litigation since at least December 15, 1997; their previous motions to intervene have been denied, and Mr. Gardner and Ms. Kozlowicz have provided no reason why the Court should change its position; and the parties would be prejudiced if Mr. Gardner and Ms. Kozlowicz were permitted to intervene given

the advanced stage of the litigation.

Counsel for Mr. Hackford joined in the prior arguments and argued that Mr. Gardner and Ms. Kozlowicz have failed to set forth sufficient grounds to intervene and it is difficult to respond to their motions, due to a lack of clarity.

Mr. Gardner and Ms. Kozlowicz responded that parties do not adequately represent their interests.

After considering the arguments, the Court ruled from the bench, (1) denying Mr. Gardner and Ms. Kozlowicz's motion to intervene; (2) striking the remainder of Mr. Gardner and Ms. Kozlowicz's motions as surplusage, due to the failure of their motion to intervene; and (3) partially granting Duchesne and Uintah Counties' motion for sanctions by requiring that Mr. Gardner and Ms. Kozlowicz obtain leave of Court prior to filing any document in the above-captioned matter, and in the absence of such leave the parties need not respond to any document filed by Mr. Gardner or Ms. Kozlowicz in the above-captioned matter.

For these reasons,

**IT IS ORDERED** that Mr. Gardner and Ms. Kozlowicz's Motion to Intervene for Complaint, filed December 1, 2014 (CM/ECF No. 743), is DENIED;

**IT IS FURTHER ORDERED** that because Mr. Gardner and Ms. Kozlowicz's motion to intervene has been denied, Mr. Gardner and Ms. Kozlowicz's (1) Motion for Writ & Temporary Injunction, filed December 11, 2014 (CM/ECF No. 750); (2) Motion to Intervene as Plaintiffs, filed December 22, 2014 (CM/ECF No. 759); (3) Reply for Attorney Fees & Costs in Opposition to Defendant Uintah County's Opposition to Complaint, filed December 22, 2014 (CM/ECF No. 760); (4) Ute V. Application for Preliminary Injunction & Temporary Restraining Order, filed January 8, 2015 (CM/ECF No. 770); (5) Motion to Continue Hearing Dated for Feb. 25, 2015 at

6

9:30 on Intervention and Complaint, filed February 19, 2015 (CM/ECF No. 791); (6) Motion for Voluntary Dismissal Without Prejudice, & Grant Complaint in Opposition to Defendants, filed February 19, 2015 (CM/ECF 792) are hereby STRICKEN AS SURPLUSAGE; and

**IT IS FURTHER ORDERED** that Duchesne and Uintah Counties' Motion for Sanctions Against Mr. Gardner & Ms. Kozlowicz, filed January 22, 2015 (CM/ECF No. 778) and made orally at the hearing, is GRANTED IN PART as to requiring that Mr. Gardner and Ms. Kozlowicz obtain leave of Court prior to filing any document in the above-captioned matter, and in the absence of such leave the parties need not respond to any document filed by Mr. Gardner or Ms. Kozlowicz in the above-captioned matter, and DENIED IN PART as to all other issues.

DATED this 9th day of March, 2015.

BY THE COURT:

_/s/ Bruce S. Jenkins_
Bruce S. Jenkins
United States Senior District Judge

1319709

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of March, 2015, I served the foregoing **ORDER** via electronic mail to the following:

J. Preston Stieff
J PRESTON STIEFF LAW OFFICES
136 East South Temple, Suite 2400
Salt Lake City, Utah 84111
jpslaw@qwestoffice.net

Jesse C Trentadue
Britton R. Butterfield
Noah M. Hoagland
Carl F. Huefner
SUITTER AXLAND
8 East Broadway, Suite 200
Salt Lake City, UT 84111
jesse32@sautah.com
nhoagland@sautah.com
chuefner@sautah.com
bbutterfield@sautah.com

Randy S. Hunter
Kyle J. Kaiser
Katharine Harsch Kinsman
UTAH ATTORNEY GENERAL'S OFFICE
160 East 300 South
Post Office Box 140857
Salt Lake City, UT 84114-0857
randyhunter@utah.gov
kkaiser@utah.gov
kkinsman@utah.gov

Tyler C. Allred
DUCHESNE COUNTY ATTORNEY'S OFFICE
Post Office Box 346
Duchesne, UT 84021
tallred@duchesne.utah.gov


Frances C. Bassett
Jeffrey S. Rasmussen

8

Sandra L. Denton
Todd K. Gravelle
FREDERICKS PEEBLES & MORGAN LLP
1900 Plaza Drive
Louisville, CO 80027-2314
fbassett@ndnlaw.com
jrasmussen@ndnlaw.com
sdenton@ndnlaw.com
tgravelle@ndnlaw.com

D. Williams Ronnow
J. Craig Smith
SMITH HARTVIGSEN PLLC
175 South Main Street, Suite 300
Salt Lake City, UT 84111
bronnow@smithlawonline.com
jcsmith@smithlawonline.com

Grant H. Charles
ROOSEVELT CITY ATTORNEY
Post Office Box 1182
Duchesne, UT 84021
gcharles@duchesne.utah.gov

Amy F. Hugie
33 South Main, Suite 2A
Brigham City, UT 84302
amyhugie@xmission.com
Gina L. Allery
US DEPARTMENT OF JUSTICE (7611)
Post Office Box 7611
Ben Franklin Station
Washington, DC 20044
gina.allery@usdoj.gov

A copy of the foregoing will be mailed, postage prepaid, on this 6th day of March, 2015 to:

Edson Gardner
Lynda Kozlowicz
Post Office Box 472
Fort Duchesne, UT  84026


/s/ Marci Meyers

9