THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Ute Indian Tribe of the Uintah and Ouray Reservation,**<br><br>　　　　Plaintiff,<br><br>　v.<br><br>**United States Department of the Interior, *et al.*,**<br><br>　　　　Defendants. | Case No. 1:18-cv-00546-RCL<br><br><br>Senior Judge Royce C. Lamberth |
| **Ute Indian Tribe of the Uintah and Ouray Reservation,**<br><br>　　　　Plaintiff,<br><br>　v.<br><br>**United States Department of the Interior, *et al.*,**<br><br>　　　　Defendants. | Case No. 1:18-cv-00547-CJN<br><br><br>Judge Carl J. Nichols |

**PLAINTIFF'S MOTION TO CONSOLIDATE AND/OR JOIN CASES**

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and LCvR 40.5(d), the Plaintiff Ute Indian Tribe of the Uintah and Ouray Reservation ("Tribe" or "Ute Tribe") moves to consolidate or join the above-captioned cases. As grounds, the Tribe states:

　　1.　Plaintiff Ute Indian Tribe of the Uintah and Ouray Reservation ("Tribe" or "Ute Tribe") is a federally-recognized Indian tribe that resides upon the Uintah and Ouray Indian Reservation in northeastern Utah.

2.      On March 8, 2018, the Tribe filed two separate lawsuits in the United States District Court for the District of D.C, *Ute Indian Tribe of the Uintah and Ouray Indian Reservation v. United States, et al.*, case number 1:18-cv-00546 ("case number 546"), and *Ute Indian Tribe of the Uintah and Ouray Indian Reservation v. United States, et al.*, case number 1:18-cv-00547 ("case number 547").  Both cases were filed within an hour's time of one another, as their sequential case numbers reflect.

3.      Case number 546 asserts claims against the United States arising out of and related to the Tribe's Uncompahgre Reservation.  Case number 547 asserts claims against the United States arising out of and related to the Tribe's *Winters* reserved water rights.  While the two suits relate to different forms of Indian trust property—land and water—there are many similarities between the two cases.  These similarities became further, and substantially, apparent when the United States, in response to both complaints, raised defenses to both cases which rely upon facts and legal issues common to both cases, as set forth below.  Indeed, upon reflection, the Tribe's undersigned attorney believes she was remiss in failing to list case number 546 as a related case on the Civil Information Sheet for the second filed case, no. 547.

4.      Because the two cases share some common questions of law and fact, grounds exist for a consolidation or joinder of the two cases under Fed. R. Civ. P. 42(a) and LCvR 40.5.  The United States holds title to both the Uncompahgre Reservation and the Tribe's reserved water resources in trust for the Tribe.[1]  In both cases, the Tribe is seeking, *inter alia*, declaratory and prospective injunctive relief in relation to the United States' control and alleged mismanagement and abdication of its trust responsibilities over both of these tribal trust assets.  In both cases, the

---

[1] Tribe's Compl., ECF No. 1 in case number 546, ¶ 4; Tribe's Am. Compl., ECF No. 25 in case number 547, ¶¶ 22-40.

United States has moved for summary dismissal and/or summary judgment of the Tribe's complaints.[2] In both cases, the State of Utah has moved to intervene as a party defendant on the side of the United States.[3] No court ruling has yet been issued on either the United States' motions to dismiss or the State of Utah's motions to intervene in either of the cases. No discovery has yet taken place in either case.

5.  The consolidation or joinder of case numbers 546 and 547 will serve the interests of judicial economy and efficiency. As explained *infra*, consolidation or joinder the cases will not result in any harm or prejudice to either side.

6.  Plaintiff's undersigned counsel has conferred with counsel for the United States in both case nos. 546 and 547, as required by LCvR 7(m). In response, counsel for the United States has advised that the United States opposes the Tribe's motion.

## LEGAL ARGUMENT

Rule 42(a) provides that if "actions before the court involve a common question of law or fact, the court may" take one of three measures. First, the court may "join for hearing or trial any or all matters at issue in the actions." Fed. R. Civ. P. 12(a)(1). Second, the court may "consolidate the actions." Fed. R. Civ. P. 12(a)(2). Third, the court may "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 12(a)(3). *See generally Hall v. Hall*, __ U.S. __, 138 S. Ct. 1118, 200 L.Ed. 2d 399 (2018).

Local Rule 40.5(d) captioned "Motions to Consolidate," states:

Motions to consolidate cases assigned to different judges of this Court shall be heard and determined by the judge to whom the earlier-numbered case is assigned.

---

[2] Mtn. to Dismiss, ECF No. 35 in case number 546; Mtn. to Dismiss, ECF No. 28 in case number 547.

[3] Mtn. to Intervene, ECF No. 44 in case number 546; Mtn. to Intervene, ECF No. 32 in case number 547.

> If the motion is granted, the later-numbered case shall be reassigned in accordance with section (c) of this Rule.

As pertinent here, Local Rule 40.5(a)(3) states that civil cases are "deemed related" when the earliest filed case is still pending on the merits, and the cases "(i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction."

One common issue of fact and law in case numbers 546 and 547 is the United States' argument, under its motions to dismiss both cases, that both of the Tribe's suits are precluded by the release and waiver language under the parties' 2012 Settlement Agreement in *Ute Indian Tribe of the Uintah and Ouray Reservation v. United States*, U.S. Court of Federal Claims, case number 06-866. The United States makes this argument in case number 546 under ECF No. 35 at 14-17, and in case number 547 under ECF No. 28 at 31. In both cases, the Ute Tribe has countered the Government's arguments by, *inter alia*, invoking the express exceptions to release and waiver that are contained in the 2012 Settlement Agreement. *See* ECF No. 46 at 23-27 in case number 546, and ECF No. 34 at 32-34 in case number 547. Absent a consolidation of the two cases, there is a possibility that two different judges on the district court could issue contradictory rulings on the applicability of the express exceptions to waiver and release under the 2012 Settlement Agreement.

The Ute Tribe has also countered the Government's argument regarding the 2012 Settlement Agreement with arguments that, in both cases, raise mixed questions of law and fact, and/or question of fact, where the applicable legal rule is the same in both cases and where some, but not all, of the relevant facts overlap.

Importantly, a consolidation of two cases under Rule 42(a) does not operate to effect a complete "merger" of the two cases. As explained by the United States Supreme Court:

> Over 125 years, this Court, along with the courts of appeals and leading treatises, interpreted [the word "consolidation"] to mean the joining together—but not the complete merger—of constituent cases.

4

> * * * *
>
> From the outset, we understood consolidation not as completely merging the constituent cases into one, but instead as enabling more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them.
>
> * * * *
>
> Consolidation was "allowed by the practice of the court for its convenience, and the saving of time and expense to the parties."

*Hall v. Hall*, 138 S. Ct. at 1125-27 (quoting *Rich v. Lambert*, 12 How. 347 (1852)). Because a consolidation of the two cases does not effect a complete merger of the cases, there is no possibility of prejudice to the United States if the cases are consolidated. As noted *supra*, there has been no ruling on the merits at this time in either case. Nor has any discovery been undertaken in either case.

WHEREFORE, based on the facts and authorities cited herein, the Tribe respectfully requests that the Court consolidate or join case numbers 546 and 547, *Ute Indian Tribe of the Uintah and Ouray Indian Reservation v. United States, et al.*, case number 1:18-cv-00546, and *Ute Indian Tribe of the Uintah and Ouray Indian Reservation v. United States, et al.*, case number 1:18-cv-00547.

Respectfully submitted this 16th day of August, 2019.

**FREDERICKS PEEBLES & PATTERSON LLP**

| | |
|---|---|
| */s/ Jeffrey S. Rasmussen* | */s/ Frances C. Bassett* |
| Jeffrey S. Rasmussen, *Pro Hac Vice* | Frances C. Bassett, *Pro Hac Vice* |
| 1900 Plaza Drive | 1900 Plaza Drive |
| Louisville, CO 80027 | Louisville, CO 80027 |
| Phone: 303.673.9600 | Phone: 303.673.9600 |
| Facsimile: 303.673.9155 | Facsimile: 303.673.9155 |
| Email: jrasmussen@ndnlaw.com | Email: fbassett@ndnlaw.com |

Rollie Wilson (D.C. Bar No. 1008022)
Fredericks Peebles & Patterson LLP
401 9th St., N.W.
Washington, D.C. 20004
Phone: 202.450.4887
Facsimile: 202.450.5106
Email: rwilson@ndnlaw.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 16th day of August, 2019, a copy of the foregoing **PLAINTIFF'S MOTION TO CONSOLIDATE AND/OR JOIN CASES** was filed through the Court's CM/ECF management system and electronically served on counsel of record.

*/s/ Debbie A. Foulk*
Debbie A. Foulk, Legal Assistant