**IN THE UNITED STATES DISTRICT COURT FOR**

**THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UTE INDIAN TRIBE OF THE UINTAH | ) | |
| AND OURAY INDIAN RESERVATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No. 1:18-cv-00546** |
| | ) | |
| UNITED STATES OF AMERICA, *et al*. | ) | Judge Carl J. Nichols |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

_____

<u>**FEDERAL DEFENDANTS' ANSWER TO COMPLAINT**</u>

Pursuant to Rules 7(a), 8(b), and 12 of the Rules of the Civil Procedure, Defendants United States of America, the United States Department of the Interior, Deb Haaland, in her official capacity as Secretary of the Interior, and Tommy Beaudreau, in his official capacity as Deputy Secretary of the Interior[1] (the "***Federal Defendants***") answer the allegations in the numbered and unnumbered paragraphs of Plaintiffs' Complaint (the "***Complaint***") (ECF No. 1). Any allegation not expressly admitted, deny, or otherwise answered or qualified is denied.

1.     The allegations in Paragraph 1 provide Plaintiff's characterization of this action to which the Federal Defendants need not respond.  To the extent a response is required, the Federal Defendants deny the allegations in Paragraph 1.

---

[1]     Pursuant to Fed. R. Civ. P. 25(d), Deb Haaland is substituted for Ryan Zinke as Secretary of the Interior and Tommy Beaudreau is substituted for David Bernhardt as Deputy Secretary of the Interior.

2.     Federal Defendants admit the allegations of Paragraph 2, except to deny that Plaintiff owns beneficial interests in all land and natural resources within the boundaries of the Uintah and Ouray Reservation and that all lands therein are held in trust for Plaintiff.

3.     Federal Defendants admit that a portion of the original Uncompahgre Reservation, comprising 270,820 acres, was added to the Uintah and Ouray Reservation by act of Congress in 1948, but deny the remaining allegations in the first sentence of Paragraph 3.  The remainder of the allegations contained in Paragraph 3 are Plaintiff's characterizations of this action to which Federal Defendants need not respond.

4.     Federal Defendants admit that the United States and the Department of the Interior ("**DOI**") manages and holds certain funds and property in trust for Plaintiff, including those portions of the original Uncompahgre Reservation that were added to the Uintah and Ouray Reservation by act of Congress in 1948.  The remainder of the allegations contained in Paragraph 4 are Plaintiff's characterizations of this action and are vague and ambiguous as to "fiduciary and other legal duties" such that Federal Defendants cannot formulate a response and deny those allegations on that basis.

5.     Federal Defendants admit that the DOI is a federal agency of the United States of America.  The remainder of the allegations contained in Paragraph 5 are Plaintiff's characterizations of this action and are vague and ambiguous as to "trust, fiduciary and other legal duties" such that Federal Defendants cannot formulate a response and deny those allegations on that basis.

6.     Federal Defendants admit that Ryan Zinke was the Secretary of the Interior when the Complaint was originally filed and affirmatively state that Deb Haaland is the Secretary of the Interior as of the date of this Answer.  The remainder of the allegations contained in

Paragraph 6 are Plaintiff's characterizations of this action and are vague and ambiguous such that Federal Defendants cannot formulate a response and deny those allegations on that basis.

7.    Federal Defendants admit that David Bernhardt was the Deputy Secretary of the Interior when the Complaint was originally filed and affirmatively state that Tommy Beaudreau is the Deputy Secretary of the Interior as of the date of this Answer.  The remainder of the allegations contained in Paragraph 7 are Plaintiff's characterizations of this action and are vague and ambiguous such that Federal Defendants cannot formulate a response and deny those allegations on that basis.

8.    The allegations in Paragraph 8 provide Plaintiff's characterization of its pleadings to which the Federal Defendants need not respond.

9.    Federal Defendants admit that Plaintiff is a federally recognized Indian tribe.  The remainder of the allegations contained in Paragraph 9 are Plaintiff's characterizations of this action to which Federal Defendants need not respond.

10.    The allegations in Paragraph 10 consist of conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in Paragraph 10.

11.    The allegations in Paragraph 11 consist of conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in Paragraph 11.

12.    The allegations in Paragraph 12 consist of conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in Paragraph 12.

13.    Federal Defendants admit that the Uintah, Whiteriver, and Uncompahgre Bands of the Tribe lived in the Utah Territory before it became a state.  The terms "governed" and "time immemorial" are vague and ambiguous such that Federal Defendants cannot formulate a response and deny those allegations employing those terms on that basis.  Federal Defendants denies any remaining allegations in Paragraph 13.

14.    In responding to paragraph 14, Federal Defendants refer to the contents of the executive order cited in paragraph 14 and denies any allegation that is inconsistent therewith.  Federal Defendants admit that the original Uncompahgre Reservation is wholly within the present-day state of Utah.  The remainder of the allegations contained in Paragraph 11 are Plaintiff's characterizations of this action to which Federal Defendants need not respond.

15.    In responding to paragraph 15, Federal Defendants refer to the contents of the treaty cited in paragraph 15 and deny any allegation that is inconsistent therewith.

16.    In responding to paragraph 16, Federal Defendants refer to the contents of the treaty cited in paragraph 16 and deny any allegation that is inconsistent therewith.

17.    In responding to paragraph 17, Federal Defendants refers to the contents of the Brunot Agreement cited in paragraph 17 and deny any allegation that is inconsistent therewith.  Additionally, the terms "large and valuable" are vague and ambiguous such that Federal Defendants cannot formulate a response and deny those allegations employing those terms on that basis.

18.    In responding to paragraph 18, Federal Defendants refer to the contents of the statute cited in paragraph 18 and deny any allegation that is inconsistent therewith.  The remaining allegations are vague and ambiguous or consist of Plaintiff's characterization of its case to which no response is required.

19. In responding to paragraph 19, Federal Defendants refer to the contents of the statute cited in paragraph 19 and deny any allegation that is inconsistent therewith. Federal Defendants also affirmatively state that the Plaintiff has omitted material sections of the cited statute.

20. In responding to paragraph 20, Federal Defendants refer to the contents of the statute cited in paragraph 20 and deny any allegation that is inconsistent therewith.

21. In responding to paragraph 21, Federal Defendants refer to the contents of any "original sources materials" allegedly relied upon by the Tenth Circuit and deny any allegation that is inconsistent those materials.

22. In responding to paragraph 22, Federal Defendants refer to the contents of the report cited in paragraph 22 and deny any allegation that is inconsistent with those materials.

23. Federal Defendants admit that the Uncompahgre Band was removed from their Colorado Reservation by act of Congress. Federal Defendants deny any remaining allegations in Paragraph 23.

24. In responding to paragraph 24, Federal Defendants refer to the contents of the statute cited in paragraph 24 and deny any allegation that is inconsistent therewith.

25. In responding to paragraph 25, Federal Defendants refer to the contents of the statute cited in paragraph 25 and deny any allegation that is inconsistent therewith.

26. In responding to paragraph 26, Federal Defendants refer to the contents of the commission report cited in paragraph 26 and deny any allegation that is inconsistent therewith.

27. In responding to paragraph 27, Federal Defendants refer to the contents of the executive order cited in paragraph 27 and deny any allegation that is inconsistent therewith.

28.     Federal Defendants admit that members of the Uncompahgre Band utilized portions of the original Uncompahgre Reservation for some period of time.  The remaining allegations are vague and ambiguous at to "all other reservations" or consist of Plaintiff's characterization of its case to which no response is required.

29.     In responding to paragraph 29, Federal Defendants refer to the contents of the source document relied upon by the district court opinion cited in paragraph 29 and deny any allegation that is inconsistent with those documents.

30.     Federal Defendants admit that at the end of the Nineteenth Century, Congress sought to allot the original Uncompahgre Reservation through passage of the Act of August 14, 1894, ch. 290, 28 Stat. 286, 337-338; and the Act of June 7, 1897, ch. 3, 30 Stat. 62, 87.  Federal Defendants deny any remaining allegations in Paragraph 30.

31.     In responding to paragraph 31, Federal Defendants refer to the contents of the act cited in paragraph 31 and deny any allegation that is inconsistent therewith.

32.     In responding to paragraph 32, Federal Defendants refer to the contents of the cited letter and deny any allegation that is inconsistent therewith.  The cited district court opinion speaks for itself and is the best evidence of its contents and Federal Defendants deny any allegation inconsistent therewith.

33.     In responding to paragraph 33, Federal Defendants refer to the contents of the act cited in paragraph 33 and deny any allegation that is inconsistent therewith.  The remaining allegations consist of Plaintiff's characterization of events or conclusions of law to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

34.    In responding to paragraph 34, Federal Defendants refer to the contents of the telegram and report cited in paragraph 34 and deny any allegation that is inconsistent therewith.

35.    In responding to paragraph 35, Federal Defendants refer to the contents of the act cited in paragraph 35 and deny any allegation that is inconsistent therewith.

36.    In responding to paragraph 36, Federal Defendants refer to the contents of the acts and letters cited in paragraph 36 and deny any allegation that is inconsistent therewith.  The remaining allegations consist of Plaintiff's characterization of the cited acts or conclusions of law to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

37.    In responding to paragraph 37, Federal Defendants refer to the contents of the act cited in paragraph 37 and deny any allegation that is inconsistent therewith.  The remaining allegations consist of Plaintiff's characterization of the cited act or conclusions of law to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

38.    In responding to paragraph 38, Federal Defendants refer to the contents of the acts cited in paragraph 38 and deny any allegation that is inconsistent therewith.  Federal Defendants admit that the United States has not paid the Uncompahgre Band or the Ute Tribe or deposited proceeds into tribal accounts where not legally obligated to do so, and further avers that any claims for unpaid compensation legally due to the Uncompahgre Band or Ute Tribe were previously adjudicated or settled.  Any remaining allegations are denied.

39.    Federal Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations contained in the first two sentences of Paragraph 39 and therefore deny the same.  In responding to the remaining allegations of Paragraph 39, Federal Defendants refer

to the contents of the DOI document cited in paragraph 39 and denies any allegation that is inconsistent therewith.

40.   In responding to paragraph 40, Federal Defendants refer to the contents of the DOI document cited in paragraph 40 and deny any allegation that is inconsistent therewith.

41.   In responding to paragraph 41, Federal Defendants refer to the contents of the DOI document cited in paragraph 40 and the act cited in paragraph 41 and deny any allegation that is inconsistent therewith.  Federal Defendants also affirmatively state that the Plaintiff has omitted material sections of the cited act.  The remaining allegations consist of Plaintiff's characterization of the cited documents or conclusions of law to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

42.   In responding to paragraph 42, Federal Defendants refer to the contents of the act cited in paragraph 40 and deny any allegation that is inconsistent therewith.

43.   In responding to paragraph 43, Federal Defendants refer to the contents of the DOI document cited in paragraph 40 and denies any allegation that is inconsistent therewith.  The remaining allegations consist of Plaintiff's characterizations or conclusions of law to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

44.   In responding to paragraph 44, Federal Defendants refer to the contents of the DOI document cited in paragraph 40 and deny any allegation that is inconsistent therewith.

45.   The allegations in Paragraph 45 of the Complaint are Plaintiff's characterizations and conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

46.    In responding to paragraph 46, Federal Defendants refer to the contents of the letter cited in paragraph 46 and deny any allegation that is inconsistent therewith.

47.    In responding to paragraph 47, Federal Defendants refer to the contents of the agreement cited in paragraph 47 and deny any allegation that is inconsistent therewith.  Any remaining allegations are Plaintiff's characterizations and conclusions of law to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

48.    In responding to paragraph 48, Federal Defendant refer to the contents of the agreement and statute cited in paragraph 48 and deny any allegation that is inconsistent therewith.

49.    As to the allegations in Paragraph 49 of the Complaint, the term "during this time" is vague and ambiguous such that Federal Defendants cannot formulate a response and deny those allegations employing the term on that basis.  To the extent the allegations in paragraph 49 rely on the letter cited in paragraph 46, that letter is the best evidence of its content and Federal Defendants deny any allegation inconsistent therewith.  In addition, Federal Defendants deny that Plaintiff had or has an "ongoing beneficial interest" in the subject lands.  Federal Defendants deny any remaining allegations in Paragraph 49.

50.    In responding to paragraph 50, Federal Defendants refer to the contents of the letter cited in paragraph 46 and deny any allegation that is inconsistent therewith.

51.    In responding to paragraph 51, Federal Defendants refer to the contents of the memorandum cited in paragraph 51 and deny any allegation that is inconsistent therewith.

52.    In responding to paragraph 52, Federal Defendants refers to the contents of the letter cited in paragraph 46 and deny any allegation that is inconsistent therewith.  The remaining

allegations are vague and ambiguous at to "threatened" and "acted" and consist of Plaintiff's characterization of the cited document and conclusions of law.  To the extent a further response is required, Federal Defendants deny the allegations.

53.    In responding to paragraph 53, Federal Defendants refer to the contents of the memorandum cited in paragraph 53 and deny any allegation that is inconsistent therewith.

54.    In responding to paragraph 54, Federal Defendants refer to the contents of the joint instructions cited in paragraph 54 and deny any allegation that is inconsistent therewith.

55.    In responding to paragraph 55, Federal Defendants refer to the contents of the joint instructions cited in paragraph 54 and the documents cited in paragraph 55 and deny any allegation that is inconsistent therewith.

56.    In responding to paragraph 56, Federal Defendants refer to the contents of the bills cited in paragraph 56 and deny any allegation that is inconsistent therewith.

57.    In responding to paragraph 57, Federal Defendants admit that Plaintiff adopted a Constitution and by-laws that were approved by the Secretary of the Interior.  The referenced constitution and by-laws are the best evidence of their contents and Federal Defendants deny any allegation that is inconsistent therewith.

58.    In responding to paragraph 58, Federal Defendants state that the referenced constitution and by-laws are the best evidence of their contents and Federal Defendants deny any allegation that is inconsistent therewith.  The remaining allegations consist of conclusions of law to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

59.    In responding to paragraph 59, Federal Defendants refer to the contents of the order and statute cited in paragraph 59 and deny any allegation that is inconsistent therewith.  The

remaining allegations consist of Plaintiff's characterization of events or conclusions of law to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

60.    In responding to paragraph 60, Federal Defendants refer to the contents of the order cited in paragraph 60 and deny any allegation that is inconsistent therewith.  Federal Defendants also affirmatively state that the Plaintiff has omitted material sections of the cited order.

61.    Federal Defendants admit that a portion of the original Uncompahgre Reservation, comprising 270,820 acres, was added to the Uintah and Ouray Reservation by act of Congress in 1948.  In responding to the remaining allegations in paragraph 61, Federal Defendants refer to the contents of the act cited in paragraph 61 and deny any allegation that is inconsistent therewith.

62.    In responding to paragraph 62, Federal Defendants refer to the contents of the act cited in paragraph 62 and deny any allegation that is inconsistent therewith.

63.    In responding to paragraph 63, Federal Defendants refer to the contents of the order cited in paragraph 63 and deny any allegation that is inconsistent therewith.  Federal Defendants deny the remaining allegations in Paragraph 63.

64.    Federal Defendants admit that the Bureau of Land Management ("*BLM*") took over management of certain lands within the original Uncompahgre Reservation consistent with a 1948 Congressional act.  In responding to the remaining allegations in paragraph 64, Federal Defendants refer to the contents of the order cited in paragraph 64 and deny any allegation that is inconsistent therewith.  Any remaining allegations consist of Plaintiff's characterization of the cited document or conclusions of law to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

65.    The term "these lands" is vague and ambiguous such that Federal Defendants cannot formulate a response and deny those allegations employing the term on that basis.  To the extent "these lands" refers to the land referenced in Paragraph 64, Federal Defendants admit that some lands within the boundaries of the original Uncompahgre Reservation have been managed by the BLM since 1948, but Federal Defendants deny that Plaintiff has any property interest in BLM-managed lands.  Federal Defendants further admit that the BLM conducted an oil and gas lease sale in the Green River Utah District on or around December 12, 2017 and that BLM received correspondence from Plaintiff related to this sale.  The cited opinion is the best evidence of its contents and Federal Defendants deny any allegation inconsistent therewith.  Federal Defendants deny any remaining allegations in Paragraph 65.

66.    The term "these lands" is vague and ambiguous such that the Federal Defendants cannot formulate a response and deny those allegations employing the term on that basis.  To the extent "these lands" refers to the land referenced in Paragraph 64, Federal Defendants deny that Plaintiff has any property interest in BLM-managed lands that would entitle it to such payments

67.    Federal Defendants admit that the BLM has received and continues to receive revenue from leases of mineral and grazing rights on BLM-managed lands located within the original Uncompahgre Reservation.  Federal Defendants deny the remaining allegations in Paragraph 67.

68.    The term "the lands" is vague and ambiguous such that Federal Defendants cannot formulate a response and deny those allegations employing the term on that basis.  To the extent "these lands" refers to the land referenced in Paragraph 64, the Federal Defendants admit that the BLM has not held BLM-managed lands located within the original Uncompahgre Reservation in trust.  Federal Defendants deny the remaining allegations in Paragraph 68.

69.    Federal Defendants deny the allegations in paragraph 69.

70.    In responding to paragraph 70, Federal Defendants refer to the contents of the 1948 act cited in paragraph 70 and deny any allegation that is inconsistent therewith.  Federal Defendants admit that the BLM manages public lands within the boundaries of the original Uncompahgre Reservation.  Federal Defendants further admit that the State of Utah owns portions of land within the boundaries of the original Uncompahgre Reservation; that some lands within the boundaries of the original Uncompahgre Reservation that were previously allotted to members of the Uncompahgre Band are held in trust; and that there is some privately-held land located within the boundaries of the original Uncompahgre Reservation.  Any remaining allegations consist of Plaintiff's characterization of the cited document or conclusions of law to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

71.    Federal Defendants admit that the State of Utah has obtained lands within the boundaries of the original Uncompahgre Reservation through land exchanges with the United States.  Federal Defendants refer to the contents of legislation and the decision record cited in paragraph 71 and deny any allegation that is inconsistent therewith.  Federal Defendants lacks sufficient information to form a belief as to the truth or falsity of the allegations regarding "the consent of the Tribe."  Federal Defendants deny any remaining allegations in paragraph 71.

72.    The allegations in Paragraph 72 provide Plaintiff's characterization of this action to which Federal Defendants need not respond.

73.    In responding to paragraph 73, Federal Defendants aver that they were not parties to the cited Tenth Circuit cases.  Further, the cited Tenth Circuit opinions are the best evidence of their contents and Federal Defendants deny any allegation inconsistent therewith.  The remaining

allegations consist of Plaintiff's characterization of the cited documents and conclusions of law to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

74.    In responding to paragraph 74, Federal Defendants aver that they were not parties to the cited Tenth Circuit or district court cases.  Further, the cited Tenth Circuit and district court opinions are the best evidence of their contents and Federal Defendants deny any allegation inconsistent therewith.  The remaining allegations consist of Plaintiff's characterization of the cited documents and conclusions of law to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

75.    In responding to paragraph 75, Federal Defendants aver that they were not parties to the cited Tenth Circuit case.  Further, the cited Tenth Circuit opinion is the best evidence of its contents and Federal Defendants deny any allegation inconsistent therewith.  The remaining allegations consist of Plaintiff's characterization of the cited document and conclusions of law to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

76.    In responding to paragraph 76, Federal Defendants aver that that they were not parties to the cited Tenth Circuit case.  Further, the cited Tenth Circuit opinion and Draft Federal Implementation Plan cited in paragraph 76 are the best evidence of their contents and Federal Defendants deny any allegation inconsistent therewith.  Whether or not lands within the original Uncompahgre Reservation constitute "Indian Country" is a legal conclusion to which no response is required.  However, the Federal Defendants admit that the original Uncompahgre Reservation is treated as "Indian Country" by various Federal agencies—as that term defines the scope of particular jurisdictional authorities under specific statutes or regulations.  The remaining

allegations consist of Plaintiff's characterization of the cited documents and conclusions of law to which no response is required; to the extent a response is required, Federal Defendants deny the allegations.

77.    In responding to paragraph 77, Federal Defendants admit that attorneys for Plaintiff met with various DOI officials on a number of matters, including restoration of lands within the Uncompahgre Reservation.  Federal Defendants deny that there are any "remaining surplus lands" within the Uncompahgre Reservation in the context of Section 3 of the IRA.  The remaining allegations consist of Plaintiff's characterization events to which no response is required.

78.    In responding to paragraph 78, Federal Defendants admit that in September 2016 Shaun Chapoose submitted a letter to Secretary Jewell.  The cited letter is the best evidence of its contents and Federal Defendants deny any allegation inconsistent therewith.

79.    In responding to paragraph 79, Federal Defendants admit that additional meetings were held between Plaintiff and DOI personnel concerning Plaintiff's restoration request and that Plaintiff submitted additional correspondence to DOI.  The cited correspondence is the best evidence of its contents and Federal Defendants deny any allegation inconsistent therewith.

80.    In responding to paragraph 80, Federal Defendants refer to the contents of the statute cited in paragraph 80 and deny any allegation that is inconsistent therewith.

81.    In responding to paragraph 81, Federal Defendants admit that Plaintiff provided materials to DOI in connection with its restoration request.  Federal Defendants deny the remaining allegations in Paragraph 81.

82.    Federal Defendants admit the allegations of Paragraph 82.

83.   In responding to paragraph 83, Federal Defendants refer to the contents of the letter and opinion cited in paragraph 83 and deny any allegation that is inconsistent therewith.

84.   In responding to paragraph 83, Federal Defendants refer to the contents of the opinion cited in paragraph 84 and deny any allegation that is inconsistent therewith.

85.   In responding to paragraph 85, Federal Defendants refer to the contents of the opinion cited in paragraph 85 and deny any allegation that is inconsistent therewith.

86.   In responding to paragraph 86, Federal Defendants refer to the contents of the opinion cited in paragraph 86 and deny any allegation that is inconsistent therewith.

87.   In responding to paragraph 87, Federal Defendants refer to the contents of the opinion cited in paragraph 87 and deny any allegation that is inconsistent therewith.  The remaining allegations consist of Plaintiff's characterization events to which no response is required.

88.   In responding to paragraph 88, Federal Defendants refer to the contents of the opinion cited in paragraph 88 and deny any allegation that is inconsistent therewith.

89.   No response is necessary to paragraph 89 as Plaintiff's First, Second, and Third Claims for Relief have been dismissed.  *See* December 16, 2022 Memorandum Opinion (ECF No. 76); December 16, 2022 Order (ECF No. 77).

90.   No response is necessary to paragraph 90 as Plaintiff's First, Second, and Third Claims for Relief have been dismissed.  *See* December 16, 2022 Memorandum Opinion (ECF No. 76); December 16, 2022 Order (ECF No. 77).

91.   No response is necessary to paragraph 91 as Plaintiff's First, Second, and Third Claims for Relief have been dismissed.  *See* December 16, 2022 Memorandum Opinion (ECF No. 76); December 16, 2022 Order (ECF No. 77).

92.    No response is necessary to paragraph 92 as Plaintiff's First, Second, and Third Claims for Relief have been dismissed.  *See* December 16, 2022 Memorandum Opinion (ECF No. 76); December 16, 2022 Order (ECF No. 77).

93.    No response is necessary to paragraph 93 as Plaintiff's First, Second, and Third Claims for Relief have been dismissed.  *See* December 16, 2022 Memorandum Opinion (ECF No. 76); December 16, 2022 Order (ECF No. 77).

94.    No response is necessary to paragraph 94 as Plaintiff's First, Second, and Third Claims for Relief have been dismissed.  *See* December 16, 2022 Memorandum Opinion (ECF No. 76); December 16, 2022 Order (ECF No. 77).

95.    No response is necessary to paragraph 95 as Plaintiff's First, Second, and Third Claims for Relief have been dismissed.  *See* December 16, 2022 Memorandum Opinion (ECF No. 76); December 16, 2022 Order (ECF No. 77).

96.    No response is necessary to paragraph 96 as Plaintiff's First, Second, and Third Claims for Relief have been dismissed.  *See* December 16, 2022 Memorandum Opinion (ECF No. 76); December 16, 2022 Order (ECF No. 77).

97.    No response is necessary to paragraph 97 as Plaintiff's First, Second, and Third Claims for Relief have been dismissed.  *See* December 16, 2022 Memorandum Opinion (ECF No. 76); December 16, 2022 Order (ECF No. 77).

98.    No response is necessary to paragraph 98 as Plaintiff's First, Second, and Third Claims for Relief have been dismissed.  *See* December 16, 2022 Memorandum Opinion (ECF No. 76); December 16, 2022 Order (ECF No. 77).

99. No response is necessary to paragraph 99 as Plaintiff's First, Second, and Third Claims for Relief have been dismissed. *See* December 16, 2022 Memorandum Opinion (ECF No. 76); December 16, 2022 Order (ECF No. 77).

100. No response is necessary to paragraph 100 as Plaintiff's First, Second, and Third Claims for Relief have been dismissed. *See* December 16, 2022 Memorandum Opinion (ECF No. 76); December 16, 2022 Order (ECF No. 77).

101. No response is necessary to paragraph 101 as Plaintiff's First, Second, and Third Claims for Relief have been dismissed. *See* December 16, 2022 Memorandum Opinion (ECF No. 76); December 16, 2022 Order (ECF No. 77).

102. No response is necessary to paragraph 102 as Plaintiff's First, Second, and Third Claims for Relief have been dismissed. *See* December 16, 2022 Memorandum Opinion (ECF No. 76); December 16, 2022 Order (ECF No. 77).

103. No response is necessary to paragraph 103 as Plaintiff's First, Second, and Third Claims for Relief have been dismissed. *See* December 16, 2022 Memorandum Opinion (ECF No. 76); December 16, 2022 Order (ECF No. 77).

104. No response is necessary to paragraph 104 as Plaintiff's First, Second, and Third Claims for Relief have been dismissed. *See* December 16, 2022 Memorandum Opinion (ECF No. 76); December 16, 2022 Order (ECF No. 77).

105. No response is necessary to paragraph 105 as Plaintiff's First, Second, and Third Claims for Relief have been dismissed. *See* December 16, 2022 Memorandum Opinion (ECF No. 76); December 16, 2022 Order (ECF No. 77).

106.  No response is necessary to paragraph 106 as Plaintiff's First, Second, and Third Claims for Relief have been dismissed.  *See* December 16, 2022 Memorandum Opinion (ECF No. 76); December 16, 2022 Order (ECF No. 77).

107.  No response is necessary to paragraph 107 as Plaintiff's First, Second, and Third Claims for Relief have been dismissed.  *See* December 16, 2022 Memorandum Opinion (ECF No. 76); December 16, 2022 Order (ECF No. 77).

108.  No response is necessary to paragraph 108 as Plaintiff's First, Second, and Third Claims for Relief have been dismissed.  *See* December 16, 2022 Memorandum Opinion (ECF No. 76); December 16, 2022 Order (ECF No. 77).

109.  No response is necessary to paragraph 109 as Plaintiff's First, Second, and Third Claims for Relief have been dismissed.  *See* December 16, 2022 Memorandum Opinion (ECF No. 76); December 16, 2022 Order (ECF No. 77).

110.  No response is necessary to paragraph 110 as Plaintiff's First, Second, and Third Claims for Relief have been dismissed.  *See* December 16, 2022 Memorandum Opinion (ECF No. 76); December 16, 2022 Order (ECF No. 77).

111.  No response is necessary to paragraph 111 as Plaintiff's First, Second, and Third Claims for Relief have been dismissed.  *See* December 16, 2022 Memorandum Opinion (ECF No. 76); December 16, 2022 Order (ECF No. 77).

112.  The Federal Defendant incorporates by reference each of its responses to the allegations contained in paragraphs 1 through 111 of the Complaint.

113.  In responding to paragraph 113, Federal Defendants refer to the contents of the statute cited in paragraph 113 and deny any allegation that is inconsistent therewith.

114.  In responding to paragraph 114, Federal Defendants refer to the contents of the case law cited in paragraph 114 and deny any allegation that is inconsistent therewith.

115.  Federal Defendants deny the allegations contained in paragraph 115.

116.  Federal Defendants deny the allegations contained in paragraph 116.

117.  Federal Defendants deny the allegations contained in paragraph 117.

118.  Federal Defendants incorporate by reference each of its responses to the allegations contained in paragraphs 1 through 117 of the Complaint.

119.  Federal Defendants deny the allegations contained in paragraph 119.

120.  Federal Defendants admit that from time to time Federal Defendants' agents or employees enter certain lands located within the original Uncompahgre Reservation.  The cited ordinance is the best evidence of its contents and Federal Defendants deny any allegation inconsistent therewith.  Any remaining allegations are denied.

121.  Federal Defendants deny the allegations contained in paragraph 121.

122.  Federal Defendants deny the allegations contained in paragraph 122.  The cited case law is the best evidence of its contents and Federal Defendants deny any allegation inconsistent therewith.

123.  Paragraph 123 contains Plaintiff's request for legal relief.  To the extent paragraph 123 contains factual allegations, the Federal Defendants deny the allegations contained in paragraph 123 and further deny that Plaintiff is entitled to its requested relief.

124.  Paragraph 124 contains Plaintiff's request for legal relief.  To the extent paragraph 124 contains factual allegations, the Federal Defendants deny the allegations contained in paragraph 124 and further deny that Plaintiff is entitled to its requested relief.

The remainder of the complaint is a prayer for relief to which no response is required.  To the extent a response is required, Federal Defendant deny that Plaintiff is entitled to the requested relief or any relief whatsoever.  To the extent the allegations are deemed factual, they are denied.

## GENERAL DENIAL

All of the allegations in Plaintiff's complaint which have not been specifically admitted, denied, or otherwise answered are hereby denied.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff's trespass claim fails to state a claim for which relief may be granted.

### Second Defense

The Court lacks subject matter jurisdiction over Plaintiff's trespass claim, including by application of 28 U.S.C. § 2409a(g).

### Third Defense

Plaintiff's trespass claim existed or accrued on or before August 12, 1946, and is therefore barred by the Indian Claims Commission Act of August 13, 1946, 60 Stat. 1049, as amended.

### Fourth Defense

Plaintiff's trespass claim is one which it or its privies or predecessors in interest asserted or could have asserted in a prior adjudication in which a court or tribunal of competent jurisdiction entered a final judgment, including, but not limited to, actions brought in the Court of Claims under special jurisdictional statutes, and before the Indian Claims Commission, and the claim is therefore barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

Fifth Defense

Plaintiff's trespass claim is barred in whole, or in part, because it was settled in prior litigation, or waived and released as part of that settlement.

Sixth Defense

Plaintiff's trespass claim is barred, in whole or in part, by the doctrines of laches, equitable estoppel, waiver and consent.

Seventh Defense

To the extent Plaintiff can establish any legal interest in the lands at issue, Plaintiff's trespass claim is barred, in whole or in part, by the doctrine of consent.

Eighth Defense

To the extent Plaintiff can establish any legal interest in the lands at issue, Plaintiff's trespass claim is barred, in whole or in part, by the doctrine of necessity.

**PRAYER**

WHEREFORE, Federal Defendants deny that Plaintiff is entitled to the relief requests, or any relief whatsoever, and requests that this action be dismissed with prejudice, that judgment be entered for the Federal Defendants, and that Federal Defendants be granted such other relief as the Court will allow.

Respectfully submitted this 31st day of January, 2022.

TODD KIM
Assistant Attorney General
By:  /s/ Brigman L. Harman
Brigman L. Harman
Ashley M. Carter
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section

150 M Street, NE
Washington. D.C. 20002
Tel: (202) 616-4119
     (202) 532-5492
Fax: (202) 305-0506
Email: Brigman.Harman@usdoj.gov
      Ashley.Carter@usdoj.gov

*Counsel of Record for Federal Defendants United States*